IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **NORBERTO FLORES,** <br><br> **Plaintiff,** <br><br> vs. <br><br> **HOME IMPROVEMENT CORPORATION, ERNESTO ORTIZ, individually, SAMUEL ORTIZ, individually, and FERNANDO RACINO, individually,** <br><br> **Defendants.** | **COLLECTIVE ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiff NORBERTO FLORES ("Plaintiff" or "Flores") on behalf of himself and all others similarly situated, by and through his attorneys, Jaffe Glenn Law Group, P.A., upon personal knowledge as to himself and upon information and belief as to other matters, brings this Collective Action Complaint against Defendants, HOME IMPROVEMENT CORPORATION ("HIC" or "Defendant"), ERNESTO ORTIZ ("Ernesto"), SAMUEL ORTIZ ("Samuel"), and FERNANDO RACINO ("Fernando") (collectively "Defendants"), and alleges as follows:

**INTRODUCTION**

1. Plaintiff brings this lawsuit as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et. seq. ("FLSA"), on behalf of himself and all other persons similarly situated who suffered damages as a result of Defendants' violations of the FLSA and the New York Labor Law, Art. 6, §§ 190 et. seq., and Art. 19, §§ 650 et. seq., and the

1

supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142 (collectively "NYLL").

2. As more fully described below, during the relevant time periods, Defendants willfully violated the FLSA and the applicable state laws of the State of New York by failing to pay Plaintiff and all other similarly situated employees for their hours worked and for their overtime hours worked based upon their unlawful policies and practices. Defendants failed to pay Plaintiff and others similarly situated for their hours worked and for their overtime hours worked in excess of forty (40) hours per work week in direct violation of the FLSA and applicable state laws of the State of New York.

3. Plaintiff has retained the law offices of Jaffe Glenn Law Group, P.A., to represent him in this matter.

4. Plaintiff worked for Defendants as non-exempt laborer, based out of in East Meadow, Nassau County, New York.

5. Plaintiff worked for Defendants from in or about late April, 2014, through in or about late May, 2016.

6. Defendant, is a corporation organized under the laws of the State of New York, with an address for service of process located at 1858 Hempstead Turnpike, east Meadow, New York, 11554.

7. Upon information and belief, at all times relevant to this Complaint, Defendant HIC performed roofing work.

8. Upon information and belief, at all times relevant to this Complaint, HIC employed individuals to perform labor, such as plumbing, mechanical and heating work, in furtherance of Defendants' business.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1367, and under 29 U.S.C. § 201, *et. seq.*

10. This Court has supplemental jurisdiction over Plaintiffs' NYLL claims because those claims derive from a common nucleus of operative facts. 28 U.S.C. § 1367.

11. Venue is proper in the district of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district, and the Defendants are thus subject to personal jurisdiction in this district. At all times material hereto, Plaintiff performed non-exempt labor duties in furtherance of Defendants' roofing business for the Defendants based out of East Meadow, Nassau County, New York, within the jurisdiction and venue of this Court.

12. Upon information and belief, at all times relevant to this Complaint, HIC was and is an "enterprise engaged in commerce" or in the production of interstate goods for commerce as defined under the Fair Labor Standards Act, 29 U.S.C. §§ 203(r) and 203(s). Specifically, Defendants bought products through interstate channels so as to effectuate their business and/or used tools or products that were moved through interstate commerce in their plumbing, heating and mechanical business.

13. Upon information and belief, at all times relevant to this Complaint, HCI's annual gross volume of sales made or business done was not less than approximately $500,000.00.

14. Upon information and belief, Defendant Ernesto Ortiz is within the personal jurisdiction

3

and venue of this Court.

15. Defendant Ernesto directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

16. Throughout the relevant period, Defendant Ernesto employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL. At all relevant times, Defendant Ernesto had or continues to have substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

17. Upon information and belief, Defendant Samuel is within the personal jurisdiction and venue of this Court.

18. Defendant Samuel directly or indirectly acted in the interest of an employer towards Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

19. Throughout the relevant period, Defendant Samuel employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL.  At all relevant times, Defendant Samuel had or continues to have substantial control over the Plaintiff's working conditions and the unlawful policies and practices alleged herein.

20. Upon information and belief, Defendant Fernando is within the personal jurisdiction and venue of this Court.

21. Defendant Fernando directly or indirectly acted in the interest of an employer towards

Plaintiff and other similarly situated employees, at all material times, including without limitation, directly or indirectly controlling the terms of employment of Plaintiff and other similarly situated employees.

22. Throughout the relevant period, Defendant Fernando employed Plaintiff and similarly situated employees within the meaning of the FLSA and the NYLL.  At all relevant times, Defendant Fernando had or continues to have substantial control over the Plaintiff's working conditions and the unlawful policies and practices alleged herein.

23. Defendants are covered employers within the meaning of the FLSA and the NYLL, and, at all times relevant, employed Plaintiff and similarly situated employees.

## FLSA COLLECTIVE ACTION FACTS

24. Plaintiff brings this Cause of Action, pursuant to FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other persons similarly situated – non-exempt laborers – who worked and/or continue to work in furtherance of Defendants' establishment, on or after September 28, 2013 (three years before the filing of the Complaint in this case) ("FLSA Collective Plaintiffs").

25. All of the work that Plaintiff and the FLSA Collective Plaintiffs have performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and FLSA Collective Plaintiffs have performed.

26. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern practice, and/or policy of violating the FLSA with respect to Plaintiff and FLSA Collective Plaintiffs. This policy and pattern or practice includes, but is not limited to willfully failing to Plaintiff and FLSA Collective Plaintiffs wages and overtime wages for all of the hours that they worked in excess of forty (40) hours per workweek.

27. Defendants are aware of or should have been aware that federal law required them to pay

Plaintiff and the FLSA Collective Plaintiffs compensation for all hours worked and overtime compensation for all hours worked in excess of forty (40) per workweek.

28. Plaintiff and FLSA Collective Plaintiffs all perform or performed similar duties and were all compensated the same way for each and every work week, regardless of the hours worked.

29. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## FACTS

30. Plaintiff FLORES worked for Defendants from in or about the end of April, 2014, through in or about the end of May, 2016.

31. Plaintiff's duties were to perform labor in furtherance of the Defendants' roofing business.

32. Plaintiff was scheduled to work in excess of forty (40) hours per workweek for each and every week he was employed by Defendants.

33. Plaintiff was scheduled to work six (6) days per workweek.

34. Plaintiff routinely worked on average seventy two (72) hours per workweek.

35. From approximately April 2014, until August 2015, Plaintiff was paid approximately $150.00 each day in cash, even though Plaintiff believed that he was getting paid hourly.

36. From approximately August 2015, until May 2016, Plaintiff was paid $200.00 per day in cash.

37. Moreover, Plaintiff was not compensated at all for his final workweek in which he was employed by Defendants.

38. During the employment of Plaintiff by Defendants, other laborers employed by

Defendants were paid in a similar manner as Plaintiff, and their working schedules were also similar.

39. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA and NYLL, as described in this Complaint.

40. At all times material hereto, Plaintiff and all similarly situated employees were performing their duties for the benefit of and on behalf of Defendants.

41. At all times pertinent to this Complaint, Defendants failed to comply with Title 29 U.S.C. §§ 201-209, as well as applicable provisions of the NYLL, in that Plaintiff and FLSA Collective Plaintiffs, performed services and labor for Defendants for which Defendants made no provision to pay Plaintiff and other similarly situated employees compensation to which they were lawfully entitled for all of the hours worked in excess of forty (40) within a work week.

42. Plaintiff has retained the law office of Jaffe Glenn Law Group, P.A. to represent them individually and incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recovery of reasonable attorneys' fees and costs

**COUNT I**
**RECOVERY OF MINIMUM WAGE COMPENSATION**
**PURSUANT TO THE NYLL**

43. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

44. New York State law mandates that employees be paid at least a minimum hourly rate for every hour that they work. See 12 NYCRR §§ 146-1.2, 146-1.3.

45. 12 NYCRR § 146-1.2 states that "[t]he basic minimum hourly rate shall be $7.25 per hour, or, if greater, such other wage as may be established by Federal law pursuant to 29 U.S.C. section 206 or any successor provisions."

46. NYLL § 663 provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

47. Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

48. As persons employed for hire by Defendants, Plaintiff and those similarly situated were "employee[s]," as understood in NYLL § 651.

49. Pursuant to NYLL § 651, the term "employer" includes any "any individual, partnership, association, corporation, limited liability company, business trust, legal representative, or any organized group of persons acting as employer."

50. As an entity that hired the Plaintiff, HIC constitutes an "employer."

51. As the persons who hired Plaintiff, Ernesto, Samuel, and Fernando, are Plaintiff's "employer."

52. Upon information and belief, Defendants failed to pay the Plaintiff and those similarly situated minimum wages for all hours worked, in violation of Title 12 NYCRR §§ 146-1.2, 146-1.3, and NYLL § 663.

53. Upon information and belief, Defendants' failure to pay the Named Plaintiff and other members of the putative class minimum wages was willful.

54. For the foregoing reasons, Defendants have violated 12 NYCRR §§ 146-1.2, 146-1.3, and NYLL § 663, and are liable to Plaintiff and those similarly situated.

**COUNT II**
**RECOVERY OF OVERTIME COMPENSATION**
**PURSUANT TO THE FLSA**

55. Plaintiff re-alleges and incorporates here by reference all allegations contained in the paragraphs above.

56. Defendants have engaged in a widespread pattern and practice of violating the FLSA, as described in this Collective Action Complaint.

57. At all relevant times, Plaintiff and other similarly situated current and former employees were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

58. The overtime wage provisions set forth in §§ 201 *et. seq.* of the FLSA apply to Defendants.

59. Defendants are each employers engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

60. At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

61. Defendants have failed to pay Plaintiff and other similarly situated current and former employees all of the overtime wages to which they were entitled under the FLSA.

62. Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional. Defendants have failed to make a good faith effort to comply with the FLSA with respect to its compensation of Plaintiff and other similarly situated current and former employees.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and all other similarly situated employees have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201 *et. seq*.

65. As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated current and former employees have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## COUNT III
## RECOVERY OF OVERTIME COMPENSATION
## PURSUANT TO THE NYLL

66. Plaintiff re-alleges, and incorporate here by reference, all allegations contained in the paragraphs above.

67. Defendants engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Collective Action Complaint.

68. At all relevant times, Plaintiff, and others similarly situated to Plaintiff, were employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Plaintiff and those similarly situated employees are covered by the NYLL.

70. Defendants failed to pay Plaintiff and employees similarly situated all of the overtime wages to which they are entitled under the NYLL, Art. 19, §§ 650 et. seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. § 142.

71. Defendants have failed to pay Plaintiff and those similarly situated employees all of their

overtime compensation at a rate of one and one-half times their regular rate of pay for each hour worked in excess of forty (40) hours in a workweek.

72. Defendants' violations of the NYLL, as described in this Collective Action Complaint, have been willful and intentional.

73. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees are entitled to recover from Defendants unpaid overtime, reasonable attorneys' fees and costs of the action, liquidated damages as provided for by NYLL Article 6, § 198, and pre-judgment and post-judgment interest.

## COUNT IV
## RECOVERY FOR RECORD KEEPING VIOLATIONS
## PURSUANT TO THE NYLL

74. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

75. Defendants have willfully failed to supply Plaintiff and those similarly situated employees, notice as required by NYLL Article 6, § 195, in English or in the language identified by Plaintiff or similarly situated employees, as their primary language, containing Plaintiff or employees similarly situated, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL Art. 6 § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

11

76. Defendants have willfully failed to supply Plaintiff and those employees similarly situated, with an accurate statement of wages as required by NYLL Art. 6 § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hours, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

77. Due to Defendants' violations of the NYLL, Plaintiff and similarly situated employees, are entitled to recover from Defendants one hundred dollars for each workweek that the violations occurred or continue to occur, or a total of twenty-five hundred dollars each, as provided for by NYLL Article 6, § 198(1)-d, reasonable attorneys' fees and costs.

<b><u>COUNT V<br>FAILURE TO PAY WAGES<br>PURSUANT TO THE NYLL</u></b>

78. Plaintiff re-alleges, and incorporates here by reference, all allegations contained in the paragraphs above.

79. Pursuant to Article Six of the New York Labor Law, workers, such as Plaintiff and those similarly situated, are protected from wage underpayments and improper employment practices.

80. HIC is an employer within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

81. Ernesto is an employer within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(3) and the supporting New York State Department of Labor Regulations.

82. Samuel is an employer within the meaning contemplated, pursuant to New York Labor

Law Article 6 §190(3) and the supporting New York State Department of Labor Reglations.

83. Fernando is an employer within the meaning contemplated, pursuant to New York Labor Law Article 6 §190(3) and the supporting New York State Department of Labor Regulations.

84. Plaintiff and those similarly situated are employees, within the meaning contemplated, pursuant to New York Labor Law Article 6 § 190(2) and the supporting New York State Department of Labor Regulations.

85. Plaintiff's and those similarly situated employees' agreed upon wage rate and/or overtime compensation rate were within the meaning of New York Labor Law Article 6 §§ 190, 191.

86. Pursuant to New York Labor Law Article 6 § 191 and the cases interpreting same, workers such as Plaintiff and those similarly situated employees are entitled to be paid all their weekly wages "not later than seven calendar days after the end of the week in which the wages are earned."

87. In failing to pay Plaintiff and those similarly situated employees their earned statutory wages and overtime compensation, within the week such wages were due, Defendants violated New York Labor Law Article 6 § 191.

88. Upon information and belief, Defendants failure to pay Named Plaintiffs and other members of the putative class earned wages and overtime compensation was willful.

89. Due to Defendants' violations of New York Labor Law Article 6 § 198, they are liable to Plaintiff and those similarly situated in an amount to be determined at trial, plus interest and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff on his own behalf, and on behalf of all other similarly situated persons, seeks the following relief:

i. An award of unpaid minimum wage compensation due under the New York Labor Law;

ii. An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

iii. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

iv. An award of liquidated damages, penalties, and pre-judgment and post-judgment interest as permitted by the NYLL;

v. One hundred dollars for each work week that the violations of NYLL Article 6 § 195 occurred or continue to occur, or a total of twenty-five hundred dollars, as provided for by NYLL Article 6 § 198(1)-d;

vi. An award to be determined for Defendants violations of NYLL Article 6 §§ 190, 191.

vii. Attorneys' fees and costs of the actions; and

viii. Such other and further relief as this Court deems just and proper.

## **JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: September 28, 2016                                         Respectfully submitted,

14

                                                <u>/s/ Jodi J. Jaffe</u>  
                                                Jodi J. Jaffe, Esquire  
                                                E-mail: jjaffe@JaffeGlenn.com  
                                                New York Bar No.: JJ8034  
                                                JAFFE GLENN LAW GROUP, P.A.  
                                                301 North Harrison Street  
                                                Suite 9F, #306  
                                                Princeton, NJ 08540  
                                                Telephone: (201) 687-9977  
                                                Facsimile: (201) 595-0308  
                                                *Attorneys for Plaintiff*